**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2343
_____

UNITED STATES OF AMERICA

v.

BARRON THOMAS,
            Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cr-00080-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 2, 2025

Before: HARDIMAN, BIBAS, and FISHER, *Circuit Judges*.

(Filed: June 3, 2025)
_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

    Barron Thomas appeals his judgment of conviction for assaulting a federal officer.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We will affirm.

I

While in federal custody, Thomas and his cellmate got into a fist fight. Correctional officers ordered them to stop fighting and eventually used pepper spray to defuse the situation. When the fight stopped, the officers placed hand restraints on Thomas's cellmate. But before the officers could restrain Thomas, he started hitting his cellmate again. So the officers entered the cell and put Thomas on the ground. Thomas "was kicking his legs around pretty violently." App. 68. As the officers struggled to restrain Thomas's legs, Thomas "cocked his leg back and struck [an officer] right in the face." *Id.* The other officers observed Thomas kicking, but they did not see him kick their colleague. Those officers denied kicking the victim officer and saw that his face was bruised.

A federal grand jury indicted Thomas under 18 U.S.C. § 111(a)(1) and (b). The indictment alleged that Thomas "did forcibly assault, impede, intimidate, and interfere with" a correctional officer who "was engaged in or on account of the performance of his official duties, making physical contact with such employee and inflicting bodily injury; to wit, in that [Thomas] assaulted" him "by kicking him and inflicting bodily injury." App. 15–16.

Thomas went to trial. As for the first element of the offense, the District Court instructed the jurors that to convict, they were required to find that Thomas "forcibly assaulted, resisted, opposed, impeded or interfered with a federal officer." App. 98. The jury convicted Thomas, and he timely appealed.

2

## II[1]

Thomas argues that the indictment was constructively amended to include "resisting" or "opposing" a federal officer and to exclude "kicking." Because Thomas never objected in the District Court, we review his argument for plain error. *United States v. Greenspan*, 923 F.3d 138, 152 (3d Cir. 2019). We perceive no error that would "impair the [trial's] fairness, integrity, or reputation." *Id.*

The charged conduct—forcibly assaulting, impeding, intimidating, and interfering by kicking—was "closely linked" to the uncharged conduct—forcibly resisting and opposing. *Id.* at 153; *see* 18 U.S.C. § 111(a)(1) (criminalizing all six acts). On this record, whether Thomas forcibly assaulted the victim officer by kicking him or forcibly resisted and opposed him is an immaterial distinction. The evidence regarding Thomas's resistance and opposition to the victim officer was "overwhelming" and "essentially uncontroverted." *Greenspan*, 923 F.3d at 153. The victim officer testified that he saw Thomas kick him in the face. That was consistent with the testimony of other officers, who said that Thomas was kicking his legs and that they did not kick the victim officer. Given this evidence, allowing the alleged error to stand would not affect the fairness, integrity, or reputation of Thomas's trial. *See id.* at 152. So we decline to exercise our discretion to notice any error. *See id.* at 154.

\* \* \*

For the reasons stated, we will affirm the District Court's judgment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3